# DISTRICT COURT OF THE STATE OF CALIFORNIA

# COUNTY OF ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| BRYANT GREY,<br><br>    Plaintiff,<br><br>vs.<br><br>PACIFIC INTERNATIONAL VEGETABLE MARKETING, INC., et.al.,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: 2:24-cv-02813-JAK-JC<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>v |

Pursuant to Federal Rule of Civil Procedure 26(c), plaintiff, Bryant Grey, individually and on behalf of H.G. a minor ("Grey" or "Plaintiff"), and defendants, Pacific International Vegetable Marketing, Inc. ("PIM"), and OSR Enterprises, Inc. ("OSR") by and through their respective undersigned counsel, hereby stipulate as follows with respect to the production of personal, commercial, financial, or sensitive information, trade secret and/or otherwise confidential or proprietary information ("Protected Material") in connection with the above-captioned action (this "Action"). PIM and OSR may be referred to collectively as "the Defendants" and Grey, PIM, and OSR may each be referred to individually as a "Party" and collectively as the "Parties."

1.  **Applicability**.  This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed and designated during the course of this Action, before or after execution of this Stipulated Protective Order by any Party or non-party.

2.  **Definitions**.

   i.  "Producing Party" means the Party or non-party being asked to produce information and/or documents which it in good faith believes should be designated "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" (as defined below).

   ii.  "Receiving Party" means the Party receiving the production of information and/or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" (as define below) by the Producing Party.

3.  **Designation and Use**.  The Parties (as well as non-parties) producing Protected Material in this Action shall have the right to designate the Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY." Protected Material designated a "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYE ONLY" shall be deemed and treated as such, unless and until counsel for the Producing Party stipulates in writing that such Protected Material may be reclassified or until a Court Order is entered modifying the designation made be the Producing Party.  A Party claiming confidentiality of documents or information may at any time remove the "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY"

designation. Notice of this election to remove shall be given to the Receiving Party in a timely manner.

4. **"CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" Designation**. A Producing Party may designate as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" any information, material, or document, whether or not embodied in a physical medium, that (i) the Producing Party believes in good faith is not generally known to the Receiving Party and/or others in the Producing Party's trade or business, and that the Producing Party would not normally reveal to third parties except in confidence, and, (ii) the Producing Party has undertaken with others to maintain in confidence, including but not limited to, materials reflecting confidential data, data relating to trade secrets, proprietary or nonpublic commercial information, information involving privacy interests, personal or payroll records, and/or other commercial, financial, and/or sensitive information of a nonpublic nature, or information received on a confidential basis.

5. Protected Material is to be clearly marked or designated a "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYE ONLY." The document, information, tangible thing, or photograph designated a "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYE ONLY" shall be used by the Receiving Party solely for the purpose of preparing for, conducting, or assisting in the conduct of, the proceedings in this Action, an shall not be used for any other purpose, except insofar as a Receiving Party is entitled to such document, information, tangible thing, or photograph independent of the right to conduct discovery in this Action. A Producing Party must take care to designate for protection only those parts of the document, information, tangible thing, photograph, or oral or written communications, so that portions of the document, information,

tangible thing, photograph, or oral or written communications for which protection is not warranted, are not designated.

6. **Persons Authorized to Receive "CONFIDENTIAL" Material**. No Protected Material or other information that is designated "CONFIDENTIAL" may be disclosed, shown, or made available to any person, firm, or entity, except to the following "Qualified Persons":

   i.   Outside counsel for the Parties, as well as employees of such counsel to the extent reasonably necessary to render professional legal services in this Action;

   ii.  The Court and its personnel;

   iii. An arbitrator or mediator who has been retained in this Action and who signs the confidentiality agreement attached hereto as Exhibit A;

   iv.  Court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary in this Action;

   v.   Consultants and experts who have been retained for the purpose of assisting counsel in this Action and to whom disclosure is reasonably necessary and who sign the confidentiality agreement attached hereto as Exhibit A;

   vi.  Outside photocopying, graphic production services, or litigation support services, to whom disclosure is reasonably necessary and who sign the confidentiality agreement attached hereto as Exhibit A;

   vii. Any person who is indicated on the face of the Protected Material to have been an author, addressee or copy recipient thereof;

   viii. The Parties and their officers, directors, employees, or other corporate representatives, who are engaged in the preparation of this Action and to whom it is deemed by that Party's counsel necessary that the designated information be shown solely for the purposes of this Action, including in-house counsel for the Parties as well as employees of such counsel;

ix. Third parties who are noticed or called to testify at a deposition or a trial in this Action, and who sign the confidentiality agreement attached hereto as <u>Exhibit A</u>; and

x. Any other person designated by written agreement of the Parties (consent for which shall not be unreasonably withheld) and who sign the attached confidentiality agreement attached hereto as <u>Exhibit A</u>.

7. **Persons Authorized to Receive "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" Protected Material**. No Protected Material or other information that is designated "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" may only be disclosed, shown, or made available to any person, firm, or entity, except to the following "Qualified Persons":

i. Qualified Persons described in paragraph 6(i) – (vii);

ii. In-house counsel for the Parties as well as employees of such counsel

iii. If Counsel for the Receiving Party receives material designated "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" and determines it is necessary for Qualified Persons described in paragraph 6(viii) (other than in-house counsel for the Parties as well as employees of such counsel) to review the designated material solely for the purposes of this Action, Counsel for the Receiving Party shall identify by name to counsel for the Producing Party an Qualified Persons whom the Receiving Party intends to designate pursuant to this paragraph 7(iii) at least 48 hours - during the business week (Monday – Friday) in advance of disclosing "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" material to that person, so as to provide the Producing Party adequate time to object, with objection to the designation not to be unreasonably made. If the Producing Party timely objects, no "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" material shall be disclosed to the Qualified Person who is the subject of the objection until the objection

is fully resolved, either by the Court or by agreement of the Parties. If the Producing Party does not object, or does not respond after at least 48 hours have passed after receiving the aforementioned notice, then Counsel for the Receiving Party may provide material designated "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" to Qualified Persons described in paragraph 6(viii) solely for the purposes of this Action and only after the Qualified Persons have signed the confidentiality agreement attached hereto as <u>Exhibit A</u>.

      iv.    Any other person designated by written agreement of the Parties (consent for which shall not be unreasonably withheld) and who sign the confidentiality agreement attached hereto as Exhibit A.

      8.    **Designation of Deposition Transcripts and Exhibits**. Deposition transcripts, or portions thereof, and Exhibits, containing Protected Material may be designated as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" and thus subject to this Stipulated Protective Order, either at the time of such deposition, or within seven (7) days following receipt of the deposition transcript, by providing written notice to the court reporter and all counsel of record. If a portion of a deposition transcript is designated as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" at the time of the deposition, the Party or non-party so designating the testimony shall have the right to exclude all persons from the deposition before the designated testimony is taken except counsel of record for the deponent, the deponent, and any other person authorized to have access to the designated testimony. To the extent current or former employees, directors, officers, managers, or representatives of Wendy's International, LLC, or any of its related entities, are deposed, counsel for Wendy's International, LLC is authorized to and shall receive the transcripts of such deposition testimony at its own expense, and shall be provided with the contact information, including email

Case 2:24-cv-02813-JAK-JC     Document 75     Filed 10/17/25     Page 7 of 13     Page ID
#:1227

address, of the court reporter(s) to request and retrieve such transcripts. Counsel for Wendy's International, LLC may also designate such deposition transcripts, or portions thereof, and Exhibits, as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the terms of this Stipulated Protective Order. Deposition transcripts and Exhibits shall not be used or shared outside of the instant litigation until the time to designate such transcripts, or portions thereof, and Exhibits as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" has expired.

9. **Limitations on Application of Order**. The term "Protected Material" shall not include, and this Stipulated Protective Order shall not be construed to prevent any person from making use of or disclosing, any information that:

    i.    Was lawfully in his/her possession (other than as a current or former director, employee, agent, consultant, contractor, or customer of the Producing Party) prior to its disclosure hereunder in connection with the Action;

    ii.    Appears in any published material available to the Producing Party's trade or business, other than by a breach of this Stipulated Protective Order;

    iii.    Was, is, or becomes publicly available other than as a result of violation of this Stipulated Protective Order by the Party asserting this exception or

    iv.    Is independently developed without the use of information designate as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY."

10. **Inadvertent Failure to Designate**. An inadvertent failure to designate Protected Material must be timely corrected and does not, standing alone, waive the Producing Party's right to secure protection under this Stipulate Protective Order for such material. If Protected Material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES

7
**AMENDED STIPULATED PROTECTIVE ORDER**

ONLY" after the material was initially produced without such designation, the Receiving Party, on timely notification of the designation must make reasonable efforts to assure that the material is treated in accordance with this Stipulated Protective Order's provisions.

11. **Challenges**. In the event that a Party receiving information marked "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYE ONLY" objects to the designation, or a Party objects to the designation of an portion of testimony, the counsel for the Receiving Party shall notify the Producing Party, or the Party designating the testimony, of the Receiving Party's objections in writing, except that counsel for the Receiving Party may verbally object if the objection pertains to the designation of any portion of any testimony during the taking of live testimony. The objection shall identify the information to which the objection is made and state with particularity the basis for the objection. If the Parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the Party or other person objecting to designating any document or testimony to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. The disputed information shall be treated as so designated by the Producing Party under the terms of this Stipulate Protective Order until the Court rules on the motion in a manner which removes o changes the designation of "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY." In connection with a motion filed under this provision, the party or other person designating the information shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS EYES ONLY."

12. **Return of Protected Material**.  Within thirty (30) days after the termination of this Action, counsel for a Receiving Party in possession of information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" shall, at its option either: (a) assemble and return all such designated Protected Material in its custody or control to the Producing Party; or (b) certify in writing to counsel for the Producing Party in this Action that the counsel for the Receiving Party has destroyed the subject Protected Material and instructed the Receiving Party to do the same, provided that counsel for each Party may maintain, in confidence and in accordance with this Stipulated Protective Order, a copy of any such documents a: counsel deems necessary to justify any professional judgments made in the case "Termination" as used herein, shall mean the final determination or resolution of this Action with respect to all Parties, including actual or potential appeals under applicable law.  Notwithstanding the foregoing, nothing in this paragraph shall require: (a) the destruction of pleadings, research memoranda, or other such materials prepared by or for counsel in connection with the prosecution or defense of this Action; and/or (b) the destruction or return of documents or Tangible materials to which a Party is entitled independent of the discovery conducted ii this Action.

13. **Right to Further Relief**.  Nothing in this Stipulated Protective Orde abridges the right of the Parties to seek its modification by the Court in the future.

14. **Protected Material and Filing Under Seal**.  All documents of any nature, including but not limited to, briefs, motions, and transcripts which are filed with the Court for any purpose and which contain "Confidential Information" shall be submitted for filing under seal in accordance with Local Rule 79-5.

15. **No Exclusion from Courtroom**.  The Parties acknowledge that nothing in this Stipulated Protective Order should be construed as authorizing the exclusion

of any person from the Courtroom during any proceedings held in this case, including trial, unless such exclusion is ordered by the Court in an Order Separate from this Stipulated Protective Order, or - in the case of a non-court proceeding such as a deposition, agreed to by the Parties in writing. Further, this Stipulated Protective Order shall not limit the use or introduction of "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" information during hearings and trial in this matter if the inclusion of such information is relevant to the case. Counsel may request in advance of or during hearing or trial that the Court take special precautions to protect "CONFIDENTIAL" and "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" information.

16. **Survival**. The terms of this Stipulated Protective Order shall survive my final disposition of this Action.

17. **Good cause modification**. This Stipulated Protective Order may be modified by the Court sua sponte or if any of the Parties hereto show good cause for modification. The Parties responding to another Party's request for modification must receive adequate notice of the request for modification and an opportunity to be heard in response to the request.

STIPULATED AND AGREED:

DATED: September 23, 2025

/s/ William Marler
WILLIAM MARLER
Attorney for Plaintiff

/s/ Daniel S. Hurwitz
DANIEL S. HURWITZ
CHRIS PIEKARSKI
Attorneys for Defendant
Pacific International Vegetable Marketing, Inc.

10
**AMENDED STIPULATED PROTECTIVE ORDER**

*/s/ Caitlin Ree Zapf*
CAITLIN REE ZAPF
JEFFREY A. DOLLINGER
Attorney for Defendant
OSR Enterprises, Inc.

IT IS SO ORDERED.

DATED: October 17, 2025

                                                                                      /s/
                                        _____
                                        Honorable Jacqueline Chooljian
                                        U.S. MAGISTRATE JUDGE

# EXHIBIT A

# EXHIBIT A

I, _____ [print or type name], have read and reviewed the Amended Stipulated Protective Order, issued on October 17, 2025 ("Protective Order"), entered by the United State District Court Central District of California in the action captioned *Bryant Grey v. Pacific International Vegetable Marketing, Inc.*, Case No. 2:24-cv-02813-JAK-JC. I understand the limitations that the Protective Order imposes on the use and disclosure of information obtained through discovery or voluntary disclosure in this Action and designated a "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the terms of the Protective Order. I agree to maintain the confidentiality of a such confidential information in accordance with the Protective Order and further agree to be bound by all terms of the Protective Order.

DATED: _____    Printed Name: _____

Signature: _____

Address: _____